UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
FEB 2 2 2013

******************************************************************************

| | | |
|---|---|---|
| KELLY WARD, | * | CIV 13-1003 |
| Petitioner, | * | |
| -vs- | * | OPINION AND ORDER DENYING MOTION TO RECUSE |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

******************************************************************************

Petitioner was convicted of assault with a dangerous weapon, assault by striking, beating, or wounding, assaulting a federal officer, and discharging a firearm during a crime of violence. He was sentenced on November 9, 2009, to a total sentence of 155 months custody. He did not appeal his convictions or sentence and his convictions became final in November 2009. He has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He has also filed a motion to recuse me from considering his pending § 2255 motion.

The United States Court of Appeals for the Eighth Circuit has set forth the standards to be applied in considering a motion to recuse.

> Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) provides an objective standard of reasonableness. The issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise.

United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006).

Petitioner contends that recusal is appropriate due to bias or a preconceived opinion. He contends I made a statement at the start of his trial the he "must have a lot of money to be taking on the US government." I doubt I made any such statement. I certainly made no such statement

in the presence of the jury. Nonetheless, he has not demonstrated sufficient bias for recusal. Neither judicial rulings nor opinions held by judges as a result of what they learned in earlier proceedings may be characterized as bias or prejudice. Liteky v. United States, 510 U.S. 540, 551, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474 (1994).

> Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. at 555, 114 S.Ct. at 1157.

Petitioner also contends that recusal is appropriate due to my conflict or private pecuniary interest in petitioner or his case. He does not identify what that conflict or interest may be and I am aware of none. His motion to recuse fails on that ground.

Finally, petitioner contends that recusal is appropriate based upon unfair treatment because of race - he is an Indian and I am not. The criminal cases I preside over concerning the charges against petitioner almost exclusively arise out of Indian jurisdiction. Further, both the victim and the defendant in this case were Native American as were most of the witnesses. Petitioner has not identified what, if any, effect my being a different race had on the outcome of his trial or would have on the outcome of his motion to vacate. I took an oath to administer the law impartially without regard to consideration of race, color or creed and I have done so in every case. I have been a champion of Native Americans and critical of the unfair treatment I believe they sometimes receive in federal criminal court. Petitioner has not and cannot show that recusal is required in this case. All his contentions are frivolous.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 5, for recusal is denied.

Dated this 19th day of February, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

2