

FILED
FEB 2 2 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KELLY WARD, | CIV 13-1003 |
| | CR 08-10037 |
| Petitioner, | |
| -vs- | OPINION AND ORDER DENYING MOTION TO VACATE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner was convicted of assault with a dangerous weapon, assault by striking, beating, or wounding, assaulting a federal officer, and discharging a firearm during a crime of violence. He was sentenced on November 9, 2009, to a total sentence of 155 months custody. He did not appeal his convictions or sentence and his convictions became final in November 2009. He has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Petitioner later filed motions to add further grounds and to add documents to the file. Those motions should be granted. He filed a motion for discovery of trial transcripts. That motion should be denied.

Petitioner filed an application to proceed without the prepayment of fees. There are no filing fees associated with the filing of a motion to vacate. Petitioner has made the requisite showing under 28 U.S.C. § 1915 and, accordingly, he will be allowed to proceed *in forma pauperis*.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner's conviction became final over three years ago. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 is untimely unless petitioner can set forth a basis for tolling the one year limitations period.

  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Petitioner contends his motion was filed late because his attorney failed to file a direct appeal, "leaving Def (sic) unaware of what to do and when to do it." The United States Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and therefore is ineffective. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000). However, pursuant to the AEDPA, even that claim of ineffective assistance must be brought in a timely manner. "A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010).

  Petitioner filed a motion for a copy of his trial transcript. On December 22, 2011, I issued an opinion and order setting forth the history of his case, including that he did not appeal his conviction or sentence. The motion to vacate was signed by petitioner on January 3, 2013. Further, petitioner filed a motion to vacate in the District of Kansas (CIV 5:11-cv-03212-RDR), which he signed on December 5, 2011, wherein he acknowledged that his attorney did not file a notice of appeal. Over a year expired during which petitioner did not diligently pursue any claim

of ineffective assistance of counsel for failing to timely file an appeal. In any event, it should have been evident to petitioner long before December 2011 that no appeal had been filed in his case. It is apparent that a duly diligent person in petitioner's circumstances would have discovered that retained counsel failed to file a notice of appeal well over a year ago. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

Petitioner also suggests that his late motion to vacate should go forward based upon newly discovered evidence - that this Court would have authorized that DNA testing (of the bullets) be paid for if the defendant could not pay for it. The existence of the Criminal Justice Act's provisions regarding indigent defendants is not newly discovered evidence excusing a late motion to vacate.

Petitioner contends in his additionally filed documents that his motion is timely because it was filed within one year of the United States Court of Appeals for the Ninth Circuit's opinion in United States v. Zepeda, ___ F.3d ___, 2013 WL 216412 (9th Cir. January 18, 2013). In Zepeda, the Ninth Circuit reversed a conviction under the Major Crimes Act, 18 U.S.C. § 1153, where the United States had failed to prove that the defendant's bloodline was derived from a federally recognized tribe.

Petitioner was charged under the Indian Major Crimes Act, 18 U.S.C. § 1153, in three of the five charges. In order to establish Indian jurisdiction under § 1153, the government was required to proved beyond a reasonable doubt that the petitioner (1) has some degree of Indian blood and (2) is recognized as an Indian by a tribe or by the federal government. United States v. Dodge, 538 F.2d 770, 786 (8th Cir. 1976) (citing United States v. Rogers, 45 U.S. 567, 11 L.Ed. 1105 (1845)). Recognition may be proved by evidence of Tribal enrollment. See United States v. Antelope, 430 U.S. 641, 646 n. 7, 97 S.Ct. 1395, 1399, 51 L.Ed.2d 701 (1977).

The requirement that the government prove Indian status in order to sustain a conviction under the Major Crimes Act is not new law. Further the Ninth Circuit's opinion in Zepeda does not qualify as establishing a "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255. Therefore, the Ninth Circuit's opinion did not toll the statute of limitations for petitioner. In any event, petitioner stipulated that he has some degree of Indian blood and is an enrolled member of an

Indian tribe and the government was therefore not required to further prove petitioner's Indian status. He and his attorney waived any further proof.

Petitioner filed a motion for appointment of counsel. Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). I have reviewed the record and can discern no arguably meritorious reason for tolling the statute of limitations. The appointment of counsel is not required in this case.

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED:**

1. Petitioner's motion, Doc. 1, to vacate, set aside, or correct his convictions and sentence pursuant to 28 U.S.C. § 2255 is denied.

2. Petitioner's application to proceed *in forma pauperis*, Doc. 2, is granted.

3. Petitioner's motions for discovery of trial transcripts and appointment of counsel, Docs. 3 and 6, are denied.

4. Petitioner's motions to add grounds and to add documents, Docs. 7, 8, and 9 are granted.

Dated this 19th day of February, 2013.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J Coepke
                DEPUTY
(SEAL)